SO ORDERED.

Dated: August 28, 2023

Eddward P. Ballinger Jr., Chief Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings under Chapter 13 |
|---|---|
| **STEPHEN F. JELACIC** | Case No.: 2:23-BK-01807-EPB |
| Debtor. | **STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan ("Plan") of the Debtor as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income.</u> Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-60 | $400 |

The payments are due on or before the 22nd day of the month commencing April, 2023. Debtor is instructed to remit all payments on or before the due date each month. Debtor is advised that when Plan payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in the Stipulated Order Confirming.

The Debtor shall provide, directly to the Trustee copies of his/her federal and state income tax returns for each year for the duration of the Plan to the trustee within 30 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

(2) <u>Other Property</u>. Debtor must turnover tax refunds for 2023, 2024, 2025, 2026 and 2027 of the Plan as supplemental Plan payments.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than [60] months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. Claims allowance is determined by § 502 of the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) <u>Administrative expenses</u>.

*Attorney Fees.* Matthew S. Fankhauser shall be allowed total compensation of $4500. Counsel received $606 prior to filing this case and will be paid $3894 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property</u>.

(a) NONE

(3) <u>Claims Secured by Personal Property</u>.

(a) NONE

(4) <u>Unsecured Priority Claims</u>.

(a) NONE

(5) <u>Surrendered Property</u>. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor surrenders the following property: NONE

(6) <u>Other Provisions</u>. Debtor certifies he/she is current on all payments that have come due on any domestic support.

(7) <u>Unsecured Nonpriority Claims</u>. Claims allowance is determined by § 502 of the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt remaining unpaid upon completion of the Plan may be discharged provided in 11 U.S.C § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor (remains property of the bankruptcy estate) upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C §1306.

**ORDER SIGNED ABOVE**

Stipulated Order Confirming Chapter 13 Plan - 3
*In Re:* STEPHEN F. JELACIC
*Case No.:2:23-BK-01807-EPB*

Approved as to Form and Content by:

_____
Edward J. Maney
Trustee

_____
Matthew S. Fankhauser, Esq.
Attorney for Debtor

The Debtor certifies: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
STEPHEN F. JELACIC